**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JR MUSIC SUPPLY LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 06-398-MC** |
| | ) | |
| **YELLOW TRANSPORTATION, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER AND COUNTERCLAIM

For its answer, affirmative defenses and counterclaim to the Complaint of plaintiff JR Music Supply LLC ("JR"), defendant Yellow Transportation, Inc. ("Yellow") states and alleges as follows:

Unless specifically admitted in this Answer, all claims, theories, allegations and paragraphs in plaintiff's Complaint are denied.

## Count I

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendant admits that it is a foreign corporation transacting business as an interstate motor carrier of property within the State of Rhode Island.

3. Defendant admits that on or about January 6, 2006, it entered into an agreement with plaintiff, whereby defendant agreed to transport plaintiff's goods from Woonsocket, Rhode Island to Anaheim, California.

4. Defendant admits that it took the goods into its possession but denies the remaining allegations in paragraph 4 of the Complaint.

5. Defendant denies the allegations of paragraph 5 of the Complaint.

6. Defendant denies the allegations of paragraph 6 of the Complaint.

7. Defendant denies the allegations of paragraph 7 of the Complaint.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

9. Defendant admits that it had a duty to handle and transport plaintiff's goods and not cause damage to plaintiff's goods but denies the remaining allegations in paragraph 9 of the Complaint.

10. Defendant denies that plaintiff has sustained any damage to its property.

**WHEREFORE**, for the reasons set forth above, defendant requests that plaintiff take nothing, that its Complaint be dismissed, and that a judgment be entered in favor of defendant for its reasonable attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## Count II

11. Defendant incorporates and reasserts its responses to the allegations in paragraphs 1 through 10 by reference as if fully set forth herein.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

**WHEREFORE**, for the reasons set forth above, defendant requests that plaintiff take nothing, that its Complaint be dismissed, and that a judgment be entered in favor of defendant for its reasonable attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, Defendant states as follows:

1. Defendant denies each and every allegation in the Complaint not specifically admitted.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Any damages that plaintiff may have suffered, which are expressly denied, were directly caused by or contributed to by plaintiff's own negligence in failing to properly construct the crates used to transport plaintiff's goods, and plaintiff should therefore be barred from recovery.

4. If plaintiff suffered any damages, which are expressly denied, the negligence or fault of non-joined parties, who may have constructed the crates used to transport plaintiff's goods must be compared, which bars or diminishes plaintiff's right to recover herein.

5. Defendant met all of its obligations under all agreements with plaintiff.

6. Defendant acted reasonably under the circumstances of this case.

7. To the extent any breach of contract occurred in this case, the breach was on the part of plaintiff for failing to properly construct the crates that were used in transporting plaintiff's goods.

8. Whatever shipment defendant Yellow received from the plaintiff for transportation was accepted in accordance with and subject to all the terms and conditions of the Uniform Straight Bill of Lading and Yellow's effective rates, rules, classifications and tariffs, and the rules and regulations of the Federal Motor Carrier Safety Administration, which together form the contract of carriage between the parties for the transportation of said shipment and define the responsibilities of Yellow in this matter. Defendant Yellow duly performed all of the terms and conditions thereunder which it was required to perform.

9. Yellow's liability to the plaintiff, if any, is limited to the declared or released rate valuation in accordance with the bill of lading and Yellow's rates, rules, classifications and tariffs governing the subject shipment.

10. Under the Bill of Lading Contract, defendant Yellow is not liable for any loss or damage caused by or resulting from an act, omission or order of the shipper, or from a defect or inherent vice of the article, improper labeling, or improper packing, packaging or loading of the shipment by the shipper.

11. The Bill of Lading contract and Yellow's rates, rules, classifications and tariffs do not contemplate carrier responsibility for special damages such as loss of use, loss of revenue, lost profits, additional contractor costs and the like. To the extent any of the damages sought by the plaintiff in its Complaint constitute special damages, Yellow is not liable.

12. The Complaint fails to state a claim against Yellow upon which relief can be granted, because under the ICC Termination Act of 1995, 49 U.S.C. § 13101 *et seq.* ("ICCTA"), there are no causes of action in negligence or for breach of contract arising out of or related to a motor carrier's transportation of freight in interstate commerce; and the Complaint, therefore, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

13. The Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts the plaintiff's claims against Yellow for negligence (Count I) and breach of contract (Count II).

14. The Bill of Lading Contract further required that as a condition precedent to recovery, claims must be filed in writing with the carrier, Yellow, within nine (9) months after delivery of the shipment or, in the case of failure to make delivery, then within nine (9) months after a reasonable time for delivery elapsed, and that suit must be instituted against the carrier, Yellow, within two (2) years and one day from the date when the claim is denied. In the event Plaintiff's claim on the shipment that is the subject of its Complaint was insufficient or defective or was not filed within the above-described time limits, then it is barred from any recovery in this action.

15. Defendant reserves the right to plead any additional defenses as they become known through discovery in this case.

**WHEREFORE**, defendant Yellow Transportation, Inc. demands judgment dismissing with prejudice the Complaint of the plaintiffs and awarding the defendant costs and disbursements in this action.

## COUNTERCLAIM

Defendant Yellow Transportation, Inc. ("Yellow"), for its Counterclaim against plaintiff JR Music Supply LLC ("JR"), states and alleges as follows:

1. Yellow is a foreign corporation authorized to transact business as an interstate motor carrier of property in the State of Rhode Island.

2. Upon information and belief, JR is a Rhode Island limited liability company, with its principal place of business in Woonsocket, Rhode Island.

3. Yellow operates as an interstate motor carrier of property and at all times pertinent hereto was and is subject to the jurisdiction of the Federal Motor Carrier Safety Administration ("FMCSA"), the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 13101, *et seq.*, and the rules, regulations and orders promulgated thereunder.

4. Yellow's counterclaim against JR is related to and arises out of JR's causes of action against Yellow.

5. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1337 in that this action involves the collection of interstate transportation (freight) charges for shipments moving interstate commerce pursuant to the ICCTA, 49 U.S.C. §§ 13706 and 13710, as hereinafter more fully appears.

6. In addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as to the claims set forth in this Counterclaim because they are so related to the claims in

plaintiff's Complaint that they form a part of the same case or controversy under Article III of the United States Constitution.

**Count I**
**(Open Account)**

Defendant Yellow repeats and realleges each of the allegations set forth in paragraphs 1 through 6 of this Counterclaim as though separately set forth herein.

7. JR is indebted to Yellow in the amount of $6,270.93 for interstate transportation services provided by Yellow, at JR's request, on an open account. (*See* Summary of Past Due Invoices, attached as **Exhibit A**).

8. Yellow provided the transportation services to JR between December 6, 2005 and April 26, 2006. (*See* Exhibit A).

9. Despite Yellow's demand for payment, JR has failed and refused to pay the sum of $6,270.93 now due and owing.

10. As a direct result of JR's refusal to pay, Yellow has been damaged in the principal amount of $6,270.93, plus interest on the outstanding balance at the statutory rate.

**WHEREFORE**, for the reasons set forth above, Yellow Transportation, Inc. requests that the Court enter judgment in its favor and against JR Music Supply LLC in the sum of $6,270.93; for Yellow's expenses, attorneys' fees and costs; for pre- and post-judgment interest; and for any other damages allowed by law.

Respectfully submitted,

YELLOW TRANSPORTATION, INC.

By its attorneys,

September 12, 2006

*/s/ Wesley S. Chused*
Wesley S. Chused
LOONEY & GROSSMAN LLP

101 Arch Street
Boston, MA 02110
Tel: (617) 951-2800
Fax: (617) 951-2819

and

Patrick J. Dougherty
155 South Main Street, Suite 304
Providence, RI 02903
Tel: (401) 273-9770

and

Kenneth R. Hoffman MO#55865
David M. Buffo KS #21399
BLACKWELL SANDERS PEPER MARTIN LLP
4801 Main, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Telecopier: (816) 983-8080

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (see below) on this 12th day of September 2006.

Joseph P. Carroll, Esq.
68 Cumberland Street, Suite 203
Woonsocket, RI 02895

*/s/ Wesley S. Chused*
Wesley S. Chused